Filed 2/16/23  P. v. Ruiz-Lopez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GERARDO OSCAR RUIZ-LOPEZ,<br><br>    Defendant and Appellant. | F084207<br><br>(Super. Ct. No. 16CR-04656)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.  (Retired Judge of the Merced Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

Appellant Gerardo Oscar Ruiz-Lopez's second appeal is pending before us, following a remand in *Ruiz-Lopez I* pursuant to the California Supreme Court's then-recent decision in *People v. Frahs* (2020) 9 Cal.5th 618, 624–625 (*Frahs*), which held that Penal Code section 1001.36[1] is retroactive.[2] Appellant's counsel asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant was advised of the right to file a supplemental brief, but he did not file a response.

We find no reasonably arguable factual or legal issues, and we affirm the judgment.

## PROCEDURAL SUMMARY

After appellant repeatedly texted and called his ex-girlfriend throughout the day, appellant called and told her that he and their young daughter were dead. Appellant's ex-girlfriend called police. Appellant and his daughter, who was alive but unresponsive, were located in a bedroom closet with two leaking propane tanks.

Appellant pleaded not guilty and not guilty by reason of insanity. During the guilt phase of the bifurcated trial, the jury convicted appellant of attempted premeditated murder (§§ 664/187/189; count 1), and child abuse likely to produce great bodily harm or death (§ 273a, subd. (a); count 2).[3] During the second trial phase, the jury found that appellant was legally sane at the time he committed the crimes. (§ 1026, subd. (a).) The trial court imposed a sentence of life with the possibility of parole for attempted

---

[1]    All further statutory references are to the Penal Code.

[2]    We take judicial notice of our prior nonpublished opinion and the record in *People v. Ruiz-Lopez* (Sept. 25, 2020, F077922) (*Ruiz-Lopez I*). (Evid. Code, §§ 452, subd. (d), 459.)

[3]    The jury found the sentence enhancement allegations for personal infliction of great bodily injury on a child under the age of five years, attached to counts 1 and 2, not true. (§ 12022.7, subd. (d).)

premeditated murder and the upper term of six years for child abuse, stayed under section 654.

In his first appeal, appellant requested remand for a hearing on his eligibility for mental health pretrial diversion under section 1001.36, added to the Penal Code effective June 27, 2018. (Assem. Bill No. 1810 (2017–2018 Reg. Sess.).) Appellant also claimed that the trial court committed error under state law when it instructed the jury during the guilt phase that he was presumed sane, in contravention of *People v. Mills* (2012) 55 Cal.4th 663, and that the erroneous instruction violated his federal constitutional rights by shifting the prosecutor's burden of proof. Finally, appellant claimed that the trial court erred in limiting the scope of his expert witnesses' testimony about mental illness, in violation of his rights under state and federal law, and that cumulatively these errors violated his right to due process and a fair trial.

The People disputed appellant's entitlement to any relief on his claims.

After briefing was complete in this case, the California Supreme Court held in *Frahs* that section 1001.36 is retroactive. (*Frahs, supra*, 9 Cal.5th at pp. 624–625.) We concluded that in light of evidence in the record that appellant suffers from a qualifying mental disorder, he was entitled under *Frahs* to a conditional limited remand to determine whether he was eligible for pretrial diversion. (*Id.* at pp. 624–625.) We rejected appellant's other claims for relief, however.

Following remand, the trial court held a diversion hearing on April 7, 2022, which included defense testimony by Evelyn Machado, owner of a private business that assesses and recommends alternative sentencing choices, and Dr. Richard Blak, a forensic psychologist. After the conclusion of testimony and argument by the parties, the trial court denied appellant's request for diversion.

On April 14, 2022, appellant filed a timely notice of appeal.

## DISCUSSION

Pursuant to section 1001.36, subdivision (a), as amended by Senate Bill No. 1223 (Reg. Sess. 2021–2022) (Senate Bill 1223 or Sen. Bill 1223), effective January 1, 2023, "the court may, in its discretion, and after considering the positions of the defense and prosecution, grant pretrial diversion to a defendant pursuant to this section if the defendant satisfies the eligibility requirements for pretrial diversion set forth in subdivision (b) and the court determines that the defendant is suitable for that diversion under the factors set forth in subdivision (c)." Relevant to the trial court's determination in this case, if the defendant is *eligible* for pretrial diversion, in determining whether the defendant is *suitable* for diversion, the court must find "[t]he defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community. The court may consider the opinions of the district attorney, the defense, or a qualified mental health expert, and may consider the defendant's treatment plan, the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate." (§1001.36, subd. (c)(4).)

A trial court's factual findings under section 1001.36 must be supported by substantial evidence (*Negron v. Superior Court* (2021) 70 Cal.App.5th 1007, 1016; *People v. Oneal* (2021) 64 Cal.App.5th 581, 589), and the court's ultimate decision whether to grant mental health diversion is reviewed for an abuse of discretion (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1080). "'A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence.'" (*Ibid.*)

The trial court denied appellant's request for diversion on April 7, 2022. Section 1001.36 was subsequently amended, effective June 30, 2022, and then again, effective January 1, 2023. (Senate Bill No. 184 (2021–2022 Reg. Sess.) [eff. June 30, 2022]; Sen. Bill 1223 [eff. Jan. 1, 2023].) Senate Bill 1223 "change[d] the eligibility

4.

criteria to include a diagnosis of a mental disorder instead of the court finding the defendant suffers from a mental disorder and would require that the diagnosis or treatment for a diagnosed mental disorder be within the last 5 years," and "require[s] the court, if a defendant has been diagnosed with a mental disorder, to find that the defendant's mental disorder was a significant factor in the commission of a charged offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the alleged offense." (Legis. Counsel's Dig., Sen. Bill 1223, Summary Dig., p. 1.)

"Newly enacted legislation lessening criminal punishment or reducing criminal liability presumptively applies to all cases not yet final on appeal at the time of the legislation's effective date." (*People v. Gentile* (2020) 10 Cal.5th 830, 852, citing *In re Estrada* (1965) 63 Cal.2d 740, 744–745; accord, *People v. Esquivel* (2021) 11 Cal.5th 671, 673, 675–676.) "This presumption 'rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" (*People v. Gentile, supra*, at p. 852; accord, *People v. Esquivel, supra*, at p. 675.) We presume, for the purpose of independently reviewing the record and resolving this appeal, that the changes to section 1001.36 apply retroactively under *Estrada*.

In this case, the trial court's denial of diversion was grounded in the finding that appellant does not meet the suitability criteria under subdivision (c)(4), formerly subdivision (b)(1)(F), of section 1001.36: "The defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community." An "'unreasonable risk of danger to public safety' means an unreasonable risk that the [defendant] will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667" (§ 1170.18, subd. (c)), which includes attempted murder.

Neither appellate counsel nor appellant identified any arguable issues and, having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.  Therefore, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.